# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| GELESIS HOLDINGS, INC. | Case No.  23-11787 (BLS) |
| Debtor. | |
| In re: | Chapter 7 |
| GELESIS, INC. | Case No. 23-11788 (BLS) |
| Debtor. | |
| In re: | Chapter 7 |
| GELESIS, LLC. | Case No. 23-11789 (BLS) |
| Debtor. | |

**TRUSTEE'S MOTION PURSUANT TO RULE 1015(b) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
<u>JOINT ADMINISTRATION AND PROCEDURAL CONSOLIDATION OF CASES</u>**

George L. Miller, the duly appointed chapter 7 trustee (the "<u>Trustee</u>") for the estates of the above-captioned Debtors (collectively, the "<u>Debtors</u>" or "<u>Estates</u>"), hereby files this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as Exhibit "<u>A</u>" (the "<u>Proposed Order</u>"), approving and authorizing joint administration and procedural consolidation of each of the affiliated Debtors' cases In re: Gelesis Holdings, Inc., Case No. 23-11787; In re: Gelesis, Inc., Case No. 23-11788; and In re:  Gelesis, LLC, Case No. 23-11789 pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  In further support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**BACKGROUND**

4. On October 30, 2023 (the "Petition Date"), each of the affiliated Debtors In re: Gelesis Holdings, Inc., Case No. 23-11787; In re: Gelesis, Inc., Case No. 23-11788; and In re: Gelesis, LLC, Case No. 23-11789 (collectively the "Bankruptcy Cases") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

5. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

**RELIEF REQUESTED**

6.     By this Motion, the Trustee seeks entry of the Proposed Order, pursuant to Bankruptcy Rule 1015(b), directing the consolidation of the Bankruptcy Cases for procedural purposes only and jointly administered under a single case number and caption.

**BASIS FOR RELIEF REQUESTED**

7.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 similarly provides for joint administration of when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.  In the Bankruptcy Cases, all of the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, of Gelesis Holdings, Inc.  Accordingly, the joint administration of the Debtors' respective Estates is warranted and will ease the administrative burden on the Court and all parties in interest in the Bankruptcy Cases.

8.     In light of the multiple financial and operational interrelationships among the Debtors, joint administration of the Debtors' cases is appropriate.  Moreover, the joint administration of the Debtors' Bankruptcy Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and will further the interests of judicial economy and administrative expediency.  As most, if not all, pleadings to be filed in the Bankruptcy Cases will likely affect each Debtors' case, joint administration will permit the Trustee and other parties to combine notices to creditors and other parties-in-interest of the Debtors' respective Estates.  Joint administration will also protect parties-in-interest by

3

ensuring that parties in each of the Debtors' respective Bankruptcy Cases will be apprised of the various matters before the Court in each case.

9. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Bankruptcy Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. See, e.g., In re I.R.C.C., Inc., 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); In re Steury, 94 B.R. 553, 553-54 (Bankr. N.D. Ind. 1988) (joint administration promotes "desire for administrative efficiency . . . without altering the substantive rights of the parties"); In re Parkway Calabasas Ltd., 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors . . . ."), aff'd, 949 F.2d 1058 (9th Cir. 1991). In fact, the rights of all creditors will be enhanced by the reduction in cost resulting from joint administration. The Court will also be relieved of the burden of enforcing duplicative orders and keeping duplicative files. Finally, supervision of administrative aspects of the Bankruptcy Cases by the Court and the United States Trustee will be simplified.

10. The Trustee does not seek substantive consolidation by this Motion. Each creditor and other party-in-interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

11. In furtherance of the foregoing, the Trustee requests that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GELESIS HOLDINGS, INC., *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-11787 (BLS)<br><br>(Jointly Administered) |

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are In re: Gelesis Holdings, Inc. (0610), Case No. 23-11787; In re: Gelesis, Inc. (9933), Case No. 23-11788; and In re: Gelesis, LLC (0102), Case No. 23-11789. The Debtors' headquarters was located at 501 Boyleston Street, Suite 6102, Boston, MA 02116.

12.     The Trustee submits that use of this simplified caption will make it easier to file papers and ensure a uniformity of pleading identification.

13.     For all the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order providing for the joint administration of the Debtors' Bankruptcy Cases pursuant to Bankruptcy Rule 1015(b). *See Trustee's Declaration Concerning Motion for Joint Administration of Chapter 7 Bankruptcy Cases*, attached hereto at Exhibit "B".

14.     The Trustee further requests that a docket entry be made in each of the following affiliate cases: In re: Gelesis Holdings, Inc., Case No. 23-11787; In re: Gelesis, Inc., Case No. 23-11788; and In re: Gelesis, LLC, Case No. 23-11789 as follows:

> An order has been entered in this case in accordance with Bankruptcy Rule 1015(b) directing procedural consolidation and joint administration of the chapter 7 cases of Gelesis Holdings, Inc., Gelesis, Inc., and Gelesis, LLC. The docket in the chapter 7 case of Gelesis Holdings, Inc., Case No. 23-11787 (BLS), should be consulted for all matters affecting these cases.

## NOTICE

15.     A copy of this Motion will be given to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to

the secured creditors listed in the schedules of assets and liabilities filed on the dockets in the Debtors' bankruptcy cases and (iv) all parties who have requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

## NO PREVIOUS REQUEST

16.     No prior Motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order approving the relief requested in the Motion and granting such other and further relief as the Court deems just and proper.

Dated:  January 31, 2024                                         COZEN O'CONNOR

By:    */s/ John T. Carroll, III*
       John T. Carroll, III (DE No. 4060)
       1201 N. Market Street
       Suite 1001
       Wilmington, DE  19801
       (302) 295-2028 Phone
       (302) 295-2013 Fax No.
       jcarroll@cozen.com

       *Counsel to George L. Miller,*
       *Chapter 7 Trustee*